UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRISTIAN ANGEL PACHECO,<br><br>  Petitioner,<br><br>  v.<br><br>COURT OF APPEAL, FIFTH APPELLATE DISTRICT,<br><br>  Respondent. | No.  1:23-cv-01717-JLT-HBK (HC)<br><br>FINDINGS AND RECOMMENDATIONS TO DISMISS PETITION FOR FAILURE TO EXHAUST ADMINISTRATIVE REMEDIES[1]<br><br>FOURTEEN-DAY OBJECTION PERIOD<br><br>(Doc. No. 1) |

Petitioner Christian Angel Pacheco ("Petitioner"), a state prisoner, is proceeding on his pro se petition for writ of habeas corpus under 28 U.S.C. § 2254. (Doc. No. 1, "Petition"). This matter is before the Court for preliminary review. *See* Rules Governing § 2254 Cases, Rule 4; 28 U.S.C. § 2243. For the reasons set forth below, the Court recommends that the Petition be DISMISSED *without prejudice* for failure to exhaust administrative remedies.

**I.    BACKGROUND**

Petitioner constructively filed[2] the instant Petition on December 11, 2023. (Doc. No. 1).

---

[1] This matter was referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302 (E.D. Cal. 2022).

[2] Although docketed on December 14, 2023, the Court applies the "prison mailbox rule" to *pro se* prisoner petitions, deeming the petition filed on the date the prisoner delivers it to prison authorities for forwarding to the clerk of court. *Houston v. Lack*, 487 U.S. 266 (1988).

1   The Petition raises two grounds for relief: (1) ineffective assistance of counsel, and (2)
2   prosecutorial misconduct. (*Id*. at 5-7). Petitioner acknowledges on the face of the Petition that he
3   had not raised all grounds for relief raised in the Petition to the highest state court having
4   jurisdiction. (*Id*. at 8) (stating, "I am not at that level yet," in response to whether all grounds
5   have been presented to highest state court).

## II.   APPLICABLE LAW AND ANALYSIS

Rule 4 of the Rules Governing § 2254 Cases requires the Court to make a preliminary review of each petition for writ of habeas corpus. The Court must dismiss a petition "[i]f it plainly appears from the petition . . . that the petitioner is not entitled to relief." Rule 4 of the Rules Governing § 2254 Cases; *see also Hendricks v. Vasquez*, 908 F.2d 490, 491 (9th Cir. 1990). The Advisory Committee Notes to Rule 8 indicate that the Court may dismiss a petition for writ of habeas corpus, either on its own motion under Rule 4, pursuant to the respondent's motion to dismiss, or after an answer to the petition has been filed. Courts have "an active role in summarily disposing of facially defective habeas petitions" under Rule 4. *Ross v. Williams*, 896 F.3d 958, 968 (9th Cir. 2018) (citation omitted). However, a petition for habeas corpus should not be dismissed without leave to amend unless it appears that no tenable claim for relief can be pleaded were such leave granted. *Jarvis v. Nelson*, 440 F.2d 13, 14 (9th Cir. 1971).

### A. Failure to Name Proper Respondent – Lack of Jurisdiction

Initially, Petitioner incorrectly identifies the "Court of Appeal, Fifth Appellate District" and "Attorney General of the State of California Xavier Becerra" as respondents. (Doc. No. 1 at 1). A petitioner seeking habeas corpus relief must name the officer having custody of him as the respondent to the petition. Rule 2(a) of the Rules Governing § 2254 Cases; *Ortiz-Sandoval v. Gomez*, 81 F.3d 891, 894 (9th Cir. 1996); *Stanley v. California Supreme Court,* 21 F.3d 359, 360 (9th Cir. 1994). Normally, the person having custody of an incarcerated petitioner is the warden of the prison in which the petitioner is incarcerated because the warden has "day-to-day control over" the petitioner. *Brittingham v. United States*, 982 F.2d 378, 379 (9th Cir. 1992); *see also Stanley*, 21 F.3d at 360. Alternatively, the chief officer in charge of penal institutions is also appropriate. *Ortiz*, 81 F.3d at 894; *Stanley*, 21 F.3d at 360. Where a petitioner is on probation or

1    parole, the proper respondent is his probation or parole officer and the official in charge of the

2    parole or probation agency or correctional agency.  *Id*.

3          Petitioner's failure to name a proper respondent requires dismissal of his habeas petition

4    for lack of jurisdiction.  *Stanley*, 21 F.3d at 360; *Olson v. California Adult Auth.*, 423 F.2d 1326,

5    1326 (9th Cir. 1970); *see also Billiteri v. United States Bd. Of Parole*, 541 F.2d 938, 948 (2nd

6    Cir. 1976).  The undersigned, however, finds it would be futile to direct Petitioner to amend the

7    Petition to name the proper respondent because, as discussed below, Petitioner admits he has not

8    yet exhausted his state administrative remedies.

9          **B.  Failure to Exhaust Administrative Remedies**

10         A petitioner in state custody who wishes to proceed on a federal petition for a writ of

11   habeas corpus must exhaust state judicial remedies.  *See* 28 U.S.C. § 2254(b)(1).  Exhaustion is a

12   "threshold" matter that must be satisfied before the court can consider the merits of each claim.

13   *Day v. McDonough*, 547 U.S. 198, 205 (2006).  The exhaustion doctrine is based on comity and

14   permits the state court the initial opportunity to resolve any alleged constitutional deprivations.

15   *See Coleman v. Thompson*, 501 U.S. 722, 731 (1991); *Rose v. Lundy*, 455 U.S. 509, 518 (1982).

16   To satisfy the exhaustion requirement, petitioner must provide the highest state court with a full

17   and fair opportunity to consider each claim before presenting it to the federal court.  *See*

18   *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999); *Duncan v. Henry*, 513 U.S. 364, 365 (1995).

19   The burden of proving exhaustion rests with the petitioner.  *Darr v. Burford*, 339 U.S. 200, 218

20   (1950) (overruled in part on other grounds by *Fay v. Noia*, 372 U.S. 391 (1963)).  A failure to

21   exhaust may only be excused where the petitioner shows that "there is an absence of available

22   State corrective process" or "circumstances exist that render such process ineffective to protect

23   the rights of the applicant."  28 U.S.C. § 2254(b)(1)(B)(i)-(ii).

24         Here, in the portion of the Petition addressing exhaustion of state remedies, Petitioner

25   indicates that the gang enhancement was reversed on direct appeal but in all other respects the

26   judgment was affirmed.  (*Id*. at 2).  Next, Petitioner states he sought further review of the

27   appellate decision in the Supreme Court of California, where the following grounds for relief

28   were raised: "newly enacted section 1109 retroactively to Petitioner's appeal, requiring reversal

3

of murder conviction" and the "trial court abused discretion by denying motion to strike gun enhancement." (*Id*.). Neither of these grounds for relief are asserted in the instant Petition. (*Id*. at 5). However, as noted above, Petitioner acknowledges on the face of the Petition that he has not raised the two grounds for relief that he raised in the Petition to the highest state court having jurisdiction. (*Id*. at 8).

Because Petitioner has not sought relief in the California Supreme Court on the grounds raised in the Petition, the Court cannot proceed to the merits of his habeas claims. See 28 U.S.C. § 2254(b)(1). As it appears Petitioner has failed to exhaust his claims, the undersigned recommends that the district court dismiss the Petition. If Petitioner has presented both claims to the California Supreme Court, he should provide proof of this filing to the court in his objections to these Findings and Recommendations.

### III. CERTIFICATE OF APPEALABILITY

State prisoners in a habeas corpus action under § 2254 do not have an automatic right to appeal a final order. *See* 28 U.S.C. § 2253(c)(1)(A); *Miller-El v. Cockrell*, 537 U.S. 322, 335-36 (2003). To appeal, a prisoner must obtain a certificate of appealability. 28 U.S.C. § 2253(c)(2); *see also* R. Governing Section 2254 Cases 11 (requires a district court to issue or deny a certificate of appealability when entering a final order adverse to a petitioner); Ninth Circuit Rule 22-1(a); *United States v. Asrar*, 116 F.3d 1268, 1270 (9th Cir. 1997). Where, as here, the court denies habeas relief on procedural grounds without reaching the merits of the underlying constitutional claims, the court should issue a certificate of appealability only "if jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). "Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further." *Id*. Here, reasonable jurists would not find the undersigned's conclusion debatable or conclude that petitioner should proceed further. The undersigned therefore recommends that a certificate of appealability not issue

Accordingly, it is **RECOMMENDED**:

1. The Petition (Doc. No. 1) be DISMISSED WITHOUT PREJUDICE for failure to exhaust administrative remedies.
2. Petitioner be denied a certificate of appealability.

**NOTICE TO PARTIES**

These findings and recommendations will be submitted to the United States district judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1). Within fourteen (14) days after being served with these findings and recommendations, a party may file written objections with the court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

Dated:     January 5, 2024

HELENA M. BARCH-KUCHTA
UNITED STATES MAGISTRATE JUDGE